## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL RIGHTS CENTER**, <br><br> Plaintiff, <br><br> v. <br><br> **MID-AMERICA APARTMENT COMMUNITIES, INC.** *et al.*, <br><br> Defendants. | Case No. 1:17-cv-02659 (TNM) |

## <u>ORDER</u>

The Court has reviewed the Parties' Stipulation Regarding Settlement, the pleadings, and the relevant law.  The Parties agree that the terms of this Consent Order shall fully and finally resolve all claims raised by the Equal Rights Center ("ERC" or the "Plaintiff") in its Amended Complaint.  The Parties further agree that nothing in this Order constitutes or may be construed as an admission of liability as to the Plaintiff's allegations, all of which are expressly denied by Mid-America Apartment Communities, Inc. and Mid-America Apartments, L.P. (collectively, the "Defendants" or "MAA").

Accordingly, it is hereby

**ORDERED** that the Court has jurisdiction over the subject matter of this action; it is further

**ORDERED** that the provisions of this Order shall be binding on the Parties, their respective subsidiaries, and their successors and assigns for two years, the term of this Consent Order; it is further

**ORDERED** that MAA will immediately adopt the criminal screening policy agreed to by the Parties at the multifamily housing properties that MAA owns or manages.  A copy of this policy is attached as Exhibit A, which has been filed under seal.  The Court has reviewed this policy and has determined that it complies with the requirements of the Fair Housing Act; it is further

**ORDERED** that if, during the term of this Consent Order, MAA determines that it is necessary to materially modify the criminal screening policy, it will provide a copy of any proposed modifications to the Plaintiff at least thirty days prior to the effective date of the proposed modification; the Plaintiff shall have thirty (30) days to respond in writing, and MAA will consider the Plaintiff's comments in good faith; it is further

**ORDERED** that ERC will provide MAA with a copy of its W9 form within ten (10) days of the date of this Order; it is further

**ORDERED** that MAA shall pay to ERC and its counsel the sum of $180,000 via check or wire transfer within thirty (30) days of entry of this Order (the "Settlement Payment"); it is further

**ORDERED** that upon receipt of the Settlement Payment, ERC, on behalf of itself and its past and present officers, directors, agents, attorneys, employees, insurers, subsidiaries, affiliates, subrogees, successors, heirs, and assigns and any other persons or entities claiming by, through, or under ERC ("Releasors"), in consideration of the timely performance by MAA of the obligations set out herein, release, acquit, and discharge MAA, and their past and present officers, shareholders, directors, agents, attorneys, employees, insurers (including but not limited to Liberty Insurance Underwriters and Ironshore Insurance Services LLC), subsidiaries, corporate parents, affiliates,

2

predecessors (including but not limited to Post Properties), subrogees, successors, and assigns ("Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, or equity, known or unknown, which the Releasors ever had or now have against Releasees for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of this Consent Order, related to the criminal screening policies of MAA and Post Properties and to the Fair Housing Act and the Americans with Disabilities Act or a state or local civil rights law, except for the obligations evidenced by this Consent Order; it is further

**ORDERED** that, by agreement of the Parties, the provision of this Order releasing claims shall survive the expiration of this Consent Order; it is further

**ORDERED** that prior to initiating an administrative action or lawsuit against the Defendants based on conduct ERC deems to be a violation of federal, state, or local fair housing laws not previously released, ERC will provide written notice to Defendants, provide a sixty (60) day period to investigate the issue or to otherwise convince the ERC why the conduct should not be considered a violation, and a sixty (60) day period to remove the issue or make substantial progress toward removing the issue. Any written notice to MAA shall be provided to Robert DelPriore, Esq., 6815 Poplar Avenue, Suite 500, Germantown, TN 38138 with a copy to Lynn Calkins, Holland & Knight, LLP, 800 17th Street, N.W., Suite 1100, Washington, D.C. 20006. Should the contact for written notice change, Defendants shall provide updated information to ERC to the attention of the Executive Director at 820 First Street, N.E., Suite LL160, Washington, D.C. 20002

with a copy to John Relman, Relman, Dane & Colfax PLLC, 1225 19th Street, N.W., Suite 600, Washington, D.C. 20036; it is further

**ORDERED** that, except as set forth herein, the Parties shall bear their own expenses, costs, and attorneys' fees in connection with the Lawsuit, including but not limited to the negotiation and execution of this Consent Order; it is further

**ORDERED** that the Court will retain jurisdiction for the duration of this Consent Order to enforce its terms. Any party may move the Court to extend the duration of this Decree for good cause shown; it is further

**ORDERED** that the Parties will endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event of a failure by either Party to perform in a timely manner any act required by this Consent Order or otherwise to act in accordance with any provision hereof, the other Party may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform; and it is further

**ORDERED** that notice to the Parties may be given by first-class mail and email as follows:

> To Equal Rights Center:
> c/o Kate Scott
> 820 First Street, N.E.
> Suite LL160
> Washington, D.C. 20002

with copy to counsel:

John Relman, Esq. Relman,
Dane & Colfax PLLC
1225 19th Street, N.W. Suite 600
Washington, D.C. 20036
jrelman@relmanlaw.com

Catherine Cone, Esq.
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, NW Suite 400
Washington, D.C. 20036
catherine_cone@washlaw.org

To MAA:
c/o Robert DelPriore, Esq.
6815 Poplar Ave, Suite 500
Germantown, TN 38138
robert.delpriore@maa.com

with copy to counsel:

Lynn Calkins, Esq.
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
lynn.calkins@hklaw.com


**SO ORDERED.**


Dated: October 2, 2018                              _____
                                                    TREVOR N. MCFADDEN
                                                    United States District Judge